Gerald M. FRIEND and Jeannette G. Friend

v.

The UNITED STATES of America.

Civ. A. No. 63-71.

United States District Court
D. Massachusetts.

March 4, 1964.

1. In 1954 Gerald owned 178 of the 226 common shares and all 70 of the preferred shares of the corporation. As of July 1, 1954, Gerald transferred 12 shares of his common stock to Manowitz, 45 shares to the company, and the remaining 121 shares to Lodgen as trustee allegedly to be available for the benefit of McGowan, Lewis, and Manowitz, in proportion to the holdings of common stock each of them previously had, but only in accordance with the terms of an agreement dated July 1, 1954.

2. Under the aforesaid trust agreement, the trustee sold outright 6 shares, and purported to sell another 30 shares, to the three "beneficiaries". Yet in 1959 the trustee sold 104.12 shares to one Katz, and the trustee turned the entire proceeds over to Gerald.

3. In preparing and effectuating the agreement of July 1, 1954 the corporation expended from its funds $1,612.18.

4. Before the agreement of July 1, 1954 the company had accumulated earnings of $41,685.29, but had not paid a dividend on its common stock.

5. The corporation did not contract its business operations after the aforesaid agreement.

6. From the foregoing subsidiary findings, the Court finds as an ultimate fact that when Gerald sold 45 shares to the company, he did not cease to control the company, and that the sum ($19,693.35) he received for those 45 shares was, as a matter of law, a dividend. Bradbury v. C. I. R., 1st Cir., 298 F.2d 111; United States v. Collins, 1st Cir., 300 F.2d 821. The transfer of the 121 shares to Lodgen as trustee did not in fact or in law alter Gerald's control of the corporation.

7. Neither § 302 nor § 331 of the Internal Revenue Code of 1954 applies to the 1954 transaction.

8. § 302(b) (1) does not apply because before the redemption of the 45 shares Gerald owned 166 of the 226 shares (or 73%) of the voting stock; afterwards he owned 121 of the 181 shares (or 66%) of the then voting

---

George E. Lodgen, and Nathan T. Wolk, Sherin & Lodgen, Boston, Mass., for plaintiffs.

Edward J. Snyder, Dept. of Justice, Washington, D. C., Murray H. Falk, Asst. U. S. Atty., W. Arthur Garrity, Jr., U. S. Atty., Boston, Mass., for the Government.

WYZANSKI, District Judge.

Plaintiffs sue to recover $7,846.58 (together with interest) they paid in federal income taxes for the year 1954. Two questions are presented: first, whether the payment of $19,693.35 to plaintiff Gerald M. Friend by Gerald M. Friend, Inc. for 45 shares of the common stock of that corporation was taxable as ordinary, as distinguished from capital gain, income; and second, whether the corporation's expenditures to effectuate that transaction are taxable to Gerald as income to him.

stock; this 7% reduction was not a significant change in Gerald's control; and inasmuch as no dividends had ever been paid on the redeemed stock and inasmuch as the amount paid Gerald by the corporation was the equivalent of over one-half of the earned surplus, that amount is, as a matter of law, a dividend taxable as ordinary income. Bradbury and Collins, both supra.

9. § 302(b) (2) does not apply because immediately after the redemption Gerald owned more than 50% of the total voting power and also more than 80% of the voting power he had before the redemption.

10. § 302(b) (3) does not apply because the corporation did not make a complete redemption of all of the stock Gerald owned.

11. § 331 does not apply because there was not a partial liquidation of a corporation as that phrase is defined in § 346. The 1954 transaction was not "one of a series" of distributions, as contemplated by § 346(a) (1) (2). Nor is § 346(a) (2) applicable both because the corporate payment to Gerald was a dividend, and because there was no plan of redemptions or any contraction of the corporation's business. Ballenger v. United States, 4 Cir., 301 F.2d 192, 195.

12. When the corporation paid $1,612.18 for the preparation and effectuation of the agreement of July 1, 1954, such payment was solely to benefit Gerald in receiving a special dividend for him, not as part of the expense of a general dividend payable to all shareholders of the same class. Such a payment by the corporation for Gerald's benefit constituted taxable income to him. § 301, Internal Revenue Code of 1954; Greenspon v. Commissioner of Internal Revenue, 8th Cir., 229 F.2d 947, 956; Sachs v. Commissioner, 32 T.C. 815, 820. Inasmuch as the company made the payment, that payment was not an expense of Gerald deductible by him under § 212(1) or (2) of the Internal Revenue Code of 1954.

Judgment for defendant.